# EXHIBIT "A"

IN THE COUNTY COURT IN AND FOR PALM BEACH COUNTY, FLORIDA

UNIFORM CASE NO: 50-2016-SC-005211-XXXX-MB
DIVISION: RL: County Civil Central - RL (Civil)

CHARLES MEEKS,

        PLAINTIFF(S)

   -VS-
OCWEN LOAN SERVICING, LLC,

        DEFENDANT(S)

## NOTICE TO APPEAR
## FOR PRE-TRIAL CONFERENCE/MEDIATION

STATE OF FLORIDA - NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

OCWEN LOAN SERVICING, LLC
C/O REGISTERED AGENT
1201 HAYS STREET
TALLAHASSEE, FL 32301

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the Palm Beach County Courthouse in Courtroom 6A (Main Branch) MB, 205 N. Dixie Highway West Palm Beach FL 33401, on June 3, 2016 at 9:00 AM for a PRETRIAL CONFERENCE before a Judge of this court.

### IMPORTANT - READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME
### DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and may withhold judgment or execution or levy.

**RIGHT TO VENUE.** The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above named person.

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

DATED: 4th of May, 2016

Sharon R. Bock
Clerk & Comptroller
By:

King-Clarke, Tennishia K as Deputy Clerk

Cc:
  CHARLES MEEKS  2041 VISTA PARKWAY
                 STE 102
                 WEST PALM BEACH, FL  33411

  KORTE, BRIAN K 2041 VISTA PKWY STE 102  WEST PALM BEACH FL 33411

***FILED: PALM BEACH COUNTY, FL SHARON R BOCK, CLERK. 05/04/2016 03:48:48 PM***

EN EL TRIBUNAL DEL CONDADO, EN Y DEL CONDADO DE PALM BEACH, FLORIDA

CAUSA NO: 50-2016-SC-005211-XXXX-MB
DIVISION: -RL: County Civil Central - RL (Civil)

CHARLES MEEKS,

DEMANDANTE(S),

vs.

OCWEN LOAN SERVICING, LLC,

DEMANDADO(S)

### NOTICIA PARA COMPARECER
### A CONFERENCIA PREVIA AL JUICIO/MEDIACION

ESTADO DE LA FLORIDA - NOTIFICACIÓN A LOS DEMANDANTES Y A LOS DEMANDADOS

**OCWEN LOAN SERVICING, LLC**
**C/O REGISTERED AGENT**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301**

### DIRECCION ADICIONAL:

SE LE AVISA POR ESTE MEDIO que usted deberá comparecer personalmente o representado por un abogado en la Sala 6A (Main Branch) MB, 205 N. Dixie Highway West Palm Beach FL 33401 del Tribunal del Condado de Palm Beach, el día June 3, 2016, a las 9:00 AM, para una CONFERENCIA PREVIA AL JUICIO.

### IMPORTANTE – LEA CUIDADOSAMENTE

**ESTE CASO NO SERA JUZGADO DURANTE LA CONFERENCIA PREVIA AL JUICIO, PERO PUEDE TRATAR DE RESOLVERSE POR MEDIO DE MEDIACION ESE DIA.**

**NO TRAIGA TESTIGOS. USTED TIENE QUE COMPARECER PERSONALMENTE O SER REPRESENTADO POR UN ABOGADO.**

**LA PERSONA QUE COMPAREZCA EN REPRESENTACION DE UNA DE LAS PARTES, DEBE TENER AUTORIDAD TOTAL PARA NEGOCIAR TODAS LAS CANTIDADES, DESDE UN VALOR DE CERO, HASTA EL MONTO TOTAL DE LA DEMANDA, SIN TENER QUE HACER CONSULTA ALGUNA. EL INCUMPLIMIENTO A LO ESTABLECIDO PUEDE RESULTAR EN LA IMPOSICION DE SANCIONES, INCLUYENDO COSTOS, HONORARIOS DE ABOGADOS, IMPOSICION DE UNA DECISION JUDICIAL O RECHAZO DE LA DEMANDA.**

El demandado(s) deberá(n) comparecer ante el Tribunal en la fecha indicada en la orden para evitar una decisión judicial por no comparecer. El(los) demandante(s) deben comparecer para evitar que su caso sea rechazado por insuficiencia de enjuiciamiento. Una MOCION por escrito o una CONTESTACION presentada al Tribunal por parte del demandado(s) o demandante(s), no es excusa para que una de las partes o su abogado no comparezca en persona a la CONFERENCIA PREVIA AL JUICIO/MEDIACION. La fecha y la hora de la CONFERENCIA PREVIA AL JUICIO/MEDIACION, NO PUEDE SER reprogramada sin buena causa y deberá tener aprobación previa del Tribunal.

Una corporación puede ser representada durante cualquiera etapa del proceso judicial del tribunal, por un representante de la corporación o por cualquier empleado con autorización escrita del representante de la corporación. La autorización escrita deberá ser llevada a la Conferencia Previa al Juicio/mediación.

El objetivo de la Conferencia previa al Juicio/mediación es el de registrar su comparecencia, para determinar si usted admite toda o parte de la demanda, para así capacitar al Tribunal para que determine la naturaleza de la demanda y para que establezca si su caso será llevado a juicio en caso de que no sea resuelto en la Conferencia Previa al Juicio.  Usted o su abogado deberán estar preparados para consultar con el Tribunal y explicar brevemente la naturaleza de su desacuerdo, indicar qué pasos se han tomado para llegar a un acuerdo, presentar los documentos necesarios para probar la demanda, indicar los nombres y direcciones de sus testigos, estipular a los hechos que no requieran prueba y que agilicen el juicio, y estimar cuánto tiempo tomará resolver el caso.

Si usted admite el reclamo, pero desea tiempo adicional para pagar, usted tiene que venir y explicar las circunstancias.  El Tribunal podrá o no aprobar un plan de pago y podrá abstenerse de emitir una orden judicial de ejecución o embargo.

DERECHO PARA DETERMINAR EN DONDE DEBERA PRESENTARSE SU CASO.  La ley le concede el derecho a la persona o a la compañía que ha sido demandada(o), de presentarse en alguno de los lugares indicados a continuación.  Sin embargo, si usted ha sido demandado en algún lugar diferente a los indicados, usted como demandado tiene el derecho de solicitar que su caso sea trasladado al lugar correcto.  El lugar apropiado puede ser uno de los siguientes: (1) el lugar en donde el contrato fue ejecutado, (2) si la demanda se origina por nota de pago no asegurada, es en el lugar en donde la nota se originó, o donde vive el otorgante, (3) si la demanda es para recuperar una propiedad o por un remate, el lugar será en donde está ubicada la propiedad, (4) en el lugar en donde ocurrió el evento que dio origen al desacuerdo, (5) en el lugar donde vive uno a varios de los demandados, (6) en cualquier lugar acordado por contrato, (7) en el lugar en donde debe realizarse el pago, cuando se trata de un desacuerdo por dineros adeudados.

Si usted como demandado(s) cree que el demandante(s) no lo ha demandado en el lugar apropiado, usted deberá comparecer ante el Tribunal en la fecha indicada y verbalmente solicitar que se le transfiera el caso o tendrá que registrar una solicitud escrita para la transferencia del caso en forma de affidávit (hecho bajo juramento), dentro de los (7) días anteriores a su primera comparecencia y enviar copia de este documento al demandante(s) o al abogado del demandante(s), si lo hay.

Una copia de la demanda deberá ser entregada oficialmente con esta citación.

**"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con Tammy Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

FECHADO EN EL CONDADO DE PALM BEACH, FLORIDA, 4th of May, 2016

Sharon R. Bock
Secretaria & Auditora

NAN TRIBINAL KI REGLE TI ZAFE NAN E  POU KOMIN PALM BEACH, FLORID

NIMERO KA: 50-2016-SC-005211-XXXX-MB-
DIVISYON: RL: County Civil Central - RL (Civil)

CHARLES MEEKS,
              DEMANDAN,

        v.

OCWEN LOAN SERVICING, LLC,
            DAFANDAN.

### AVETISMAN  POU PRESANTE W
### POU YON KONFERANS /MEDIASYON AVAN JIJMAN

ETA FLORID LA - AVETISMAN POU DEMANDAN (YO) AVEK DEFANDAN (YO).

**OCWEN LOAN SERVICING, LLC**
**C/O REGISTERED AGENT**
**1201 HAYS STREET**
**TALLAHASSEE, FL  32301**

YO AVETI- W  KE OU DWE PARET AN PESONN OSWA PA YON AVOKA NAN TRIBINAL KOMINN
 PALM BEACH LA NAN SAL 6A (Main Branch) MB, 205 N. Dixie Highway West Palm Beach FL 33401, A
June 3, 2016, NAN 9:00 AM, POU YON KONFEARANS.

### INPÓTAN - LI AVEK ATENSYON.

**KA SAA PAP JIJE PANDAN KONFERANS AVAN JIJMAN AN, MEN NOU KA**
**ESEYE REZOUD KA A  NAN MEDIASYON JOU SA A.**

**PA MENEN TEMWEN OU DWE PRESANTE TET OU OSWA YON AVOKA KAPAB**
**PARET POU OU.**

**MOUN KI PARET POU REPRESANTE PATI A DWE GEN TOUT OTORITE POU L**
**NEGOSYE MONTAN AN KOMANSE A ZERO POU RIVE A MONTAN TOTAL**
**DEMAND LA SAN LI PA OBLIJE KONSILTE AK LOT MOUN. SI OU DESOBYI AK**
**REG SA A SA KA PEMET YO PRAN SANKSYON KONT OU. SA KA INKLI FRE ,**
**FRE AVOKA, SANKSYON FINANSYEL JIRIDIK. OSWA ANILE DEMAND LA.**

Defandan(yo) dwe presante nan tribinal la nan dat yo bali ki nan lod la poul ka evite yon sanksyon jiridik
finansyel deske li pat paret. Demandan (yo) dwe paret nan tribinal pou yo pa kite ka a tonbe. Paske pa t
gen ase reclamasyon.  Menm si demandan an  oswa defandan an ta fe tribinal la yon demand a lekrit sa
pap eskise presans nou ni presans avoka a nan  konferans/mediasyon anvan jijman . Ni dat ni le konferans
avan jijman an pa ka ranvvoiye san yon bon rezon ak san tribinal la pat aprouve li davans.


Yon Koporasyon  ka pab  represante pa yon ofisyel ki nan koporasyon nan tout etap pwose a nan tribinal
la ,oswa yon ofisyel koporasyon an ka pab otorize youn nan anplwaye l yo a lekrit pou represante l. yo
dwe pote otorizasyon a lekrit sa a nan konferans/mediasyon anvan jijman. Rezon pou konferans avan
jijman an se pou yo sa montre ke w te paret , pou fe konnen si ke ou
Admet tout oswa yon pati nan reklamasyon an, pou sa pemet tribinal la deside ki jan de ka ke li ye, e pou
yo ka plase ka a pou jijman si ka a pa ka rezoud nan konferans avan jijman an. Oumenm oswa avoka w la

dwe prepare n pou yon konferans ak tribinal la e poun eksplike tou kout ki jan de dispit ke ou gen yen an , eksplike ki ef☐ ki te fet pou rezoud ka a , montre kinpot dokiman neses☐ pou pwouve ka a , bay non ak address temwen w yo , dak☐ ak s☐tin f☐ ki ki pap beswen prev e kap fe jijman an ale pli vit, e etime konbyen tan sa ap pran pou jije ka a.

Si ou aksepte reklamasyon an, e ou beswen plis tan pou peye , se pou vinn di yo rezon an. Tribinal la ka pemet oswo pa aksepte ke ou fe  yon plan pou peye , li ka mete yon sanksyon Finansyel jiridik oswa yon anbago.

Dwa pou detemine ki kote pou presante ka w la. Lwa a bay moun nan oswa konpany kl asiyen w la dwa pou li presante li nan ninpot nan kote ki make sou papye a . Men si yo te asiyen w lot kote apa de kote ki make sou papye a, oumenm kom defanndan gen dwa Mande pou yo voye ka a nan kote ki korek la. Kote apwopriye a ka nan youn nan kote suivan sa yo: (1) kote kontra a te fet la, (2) si asiniasyon an se te yon biye ak yon pwomes san bon garanti , kote biye a te signyen oswa kote moun ki te fe biye a rete. (3) si demand la se pou rekipere pwopriyete a oswa pou poze sele sou pwopriyete a ;(4) kote evenman an te rive ki koz asiniasyon an ; (5) kote youn ou plis nan moun yo asiyin a rete ; (6) Kelke swa kote ki te dako nan kontra a ; (7) nan yon aksyon kote gen lajan ki dwe, si pa gen yon ak☐ nan ki kote pou demand la fet , kote pou peyman an fet.

Si oumenm defandan an (yo) pa  kwe ke demandan an te asiyen nan youn nan kote sa yo se pou paret nan tribinal la dat yo ba w la pou mande pou yo transfere ka a , oswa ou ka ekri yon demand nan yon f☐m atestasyon (deklarasyon ekri sou seman) ak tribinal la 7 jou avan premie randevou tribinal la e voye yon kopi bay demandan (yo) an oswa avoka demandan (yo) si gen yen.

Yon kopi asiniasyon an fet pou ofisyelman akonpanye konvokasyon an.

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Tammy Anton, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo  nan Tribinal Konte   Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

IN THE COUNTY COURT
IN AND FOR THE 15TH JUDICIAL CIRCUIT
PALM BEACH COUNTY, FLORIDA

CASE NO.:

CHARLES MEEKS
        Plaintiffs,

-vs-

OCWEN LOAN SERVICING, LLC,

        Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, CHARLES MEEKS ("Plaintiff"), by and through undersigned counsel, and brings this action against the Defendant, OCWEN LOAN SERVICING, LLC, ("Defendant"), and as grounds thereof would allege as follows:

### INTRODUCTION

1.     This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and its implementing regulation.

2.     The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulation.

3.     Specifically, Plaintiff seeks the remedies provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA, and Section 1024.36 of Regulation X.

- 3 –

QWR5

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court arises under F.S.A. Chapter 34.01(c) because the amount in controversy is less than $100.00 exclusive of interest, costs and attorney's fees.

5.      Venue is proper because this is the County where a "substantial part of the events or omissions giving rise to the claim occurred." 12 U.S.C. §2614.

## PARTIES

6.      At all material times, Defendant, was and is a foreign company which regularly engages in the business of servicing mortgages in Palm Beach County, Florida and has done substantial business in Florida.

7.      At all times material hereto Defendant, was and is a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation which is secured by a mortgage on Plaintiffs' property.

## BACKGROUND OF LOAN TRANSACTION

8.      The Loan is a federally related mortgage loan as defined by 12 C.F.R. §1024.2(b).

9.      Defendant is a servicer within the meaning of the *Real Estate Settlement Procedures Act* ("RESPA") as implemented by Regulation X.

10.     In an effort to utilize the protections afforded to consumers by Congress, Plaintiffs through counsel, Korte and Wortman, P.A., caused to be mailed to Defendant a written request for information pursuant to Regulation X (the "RFI"). A copy of the RFI is attached hereto as Exhibit "A".

QWR5

11.     The certified mail return receipt shows the tracking number which allows the ability to confirm the date the written request was received. The RFI was delivered to the Defendant on November 10, 2015. A copy of the certified mail return receipt is attached hereto as Exhibit "B". Therefore, Defendant's response was due on or before November 18, 2015.

12.     Defendant did sent a written acknowledgment to Plaintiff's RFI, however, the acknowledgment is dated November 19, 2015. A copy of the Defendants acknowledgment letter dated November 19, 2015 is attached hereto as Exhibit "C".

13.     Having not received a written acknowledgment to Plaintiff's RFI within the required timeframe, a follow up Notice of Error letter (the "NOE") was sent to the Defendant. A copy of the NOE is attached hereto as Exhibit "D".

14.     Through its own conduct and the conduct of its designated counsel Defendant has shown a pattern of disregard to the requirements imposed upon Defendants by Federal Reserve Regulation X.

### Count I: Violation of 12 U.S.C. §2605(k)

15.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 14.

16.     The Loan is a federally regulated mortgage loan as defined by 12 C.F.R. § 1024.2(b).

17.     Defendant was obligated to acknowledge receipt of the RFI in writing within five (5) business days. 12 C.F.R. § 1024.36(c), which states:

**§1024.36   Requests for information.**

QWR5

(c) Acknowledgment of receipt. Within five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving an information request from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request.

12 C.F.R. § 1024.36(c).

18.   Defendant did not provide this written receipt within the time period provided by 12 C.F.R. § 1024.36(c).

19.   Section 6, Subsection (k) of RESPA states in relevant part:

**(k) Servicer Prohibitions**
**(1) In general**
**A servicer of a federally related mortgage shall not—**
...
(E) fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k).

20.   Section 1024.36 (Request for Information) of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696, 10714*, fn. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.36 implements Section 6(k)(1)(D)).

21.   The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such

QWR5

reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter. 12 U.S.C. § 2617.

22.    Defendant has failed or refused to comply with 12 C.F.R. § 1024.36(c) in that Defendant did not provide a written acknowledgement to the RFI within the required timeframe.

23.    As such, Defendant has violated 12 U.S.C. § 2605(k)(1)(E).

24.    Plaintiff is entitled to actual damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A) including but not limited to: photocopying costs, postage costs, and reasonable attorney's fees incurred in connection with review of the insufficient response and for the drafting of NOE. *See* Baez v. Specialized Loan Servicing, LLC, Case No. 15-81679-CIV-MARRA (S.D. Fla April 15, 2016) (the Court finding that attorney's fees associated with the review of a Servicers insufficient response to a Request for Information are actual damages incurred and related to an alleged RESPA violation); Marais v. Chase Home Finance, LLC, 737 F.3d 711, 721 (6th Cir. 2013) (the Court finding that expenses became actual damages when servicer ignored its statutory duties); Cortez v. Keystone Bank, Inc. 2000 WL 536666, 12 (E.D. Pa. 2000) (the Court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999) (the Court finding that actual damages include costs for correspondence and travel).

25.    As a direct and proximate result of Defendant's failure to comply with Regulation X and RESPA, Plaintiff has suffered actual damages after the Defendant's breach. Specifically, Plaintiff has incurred actual damages in certified postage costs of

QWR5

less than $100.00 for mailing the RFI and NOE, and attorney's fees and costs, in an amount to be proven at trial.

26.     Plaintiff has hired Korte and Wortman, P.A., for legal representation in this action and has agreed to pay a reasonable attorney's fee.

27.     All conditions precedent to bringing this action have been complied with or occurred.

28.     Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the Court, pursuant to 12 U.S.C. § 2605(f)(3).

**WHEREFORE**, Plaintiff, demands judgment against the Defendant for actual damages together with interest, costs and attorney's fees pursuant to 12 U.S.C. § 2605(f), and any other and further relief as this Honorable Court may deem just and proper.

<u>**Count II: Violation of 12 U.S.C. §2605(k)**</u>

29.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 22.

30.     Through its own conduct and the conduct of its designated counsel Defendant has shown a pattern of disregard to the requirements imposed upon Defendants by Federal Reserve Regulation X.

31.     Plaintiff is entitled to statutory damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(B) not to exceed $2000.00.

32.     As a direct and proximate result of Defendant's pattern and practice of refusal to comply with Regulation X and RESPA, Plaintiff is entitled to statutory damages after the Defendant's breach.

QWR5

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts.

DATED  May 3, 2016

                                      Respectfully submitted,

                                      By:  /s/ Brian Korte
                                      Brian K. Korte, Esq.
                                      FBN: 0129690
                                      KORTE & WORTMAN, P.A.
                                      Attorneys for Plaintiff
                                      2041 Vista Parkway
                                      West Palm Beach, Florida 33411
                                      Phone: (561) 228-6200
                                      Fax:    (561) 245-9075
                                      E-mail: service@kwlawfirm.com

QWR5

# EXHIBIT "A"

# KORTE & WORTMAN, P.A.

**Attorneys at Law**
2325 ULMERTON RD, SUITE 16
CLEARWATER, FL 33762

Ocwen Loan Servicing, LLC*
Ocwen Loan Servicing, LLC*
Research Department
PO Box 24736
West Palm Beach, FL 33416-4736

**VIA CERTIFIED MAIL 7015 1730 0002 0583 3818**

Re:    Request for Information under 12 CFR 1024.36 of Regulation X and TILA
Request
Borrower:    Charles Meeks
Account Number:    ███████3867
Social Security No:    ████████
Property Address:    402 College Dr. Ruidoso NM 88345

To Whom It May Concern,

Please consider this letter to constitute a Request for Information under 12 CFR Section 1024.36 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding loan servicing. Under these amendments, you must acknowledge receipt of this Request in writing within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise us of your responses to this Request in writing within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

Specifically, the borrower is concerned with the manner in which the loan modification application/submission was handled and reviewed. Additionally, the borrower believes that certain fees are being wrongfully assessed with respect to the loan account and demands a full accounting for all fees being charged to the account along with an explanation for why such fees are being charged to the account. I am therefore requesting the following information for the period beginning January 10, 2014, until your receipt of this Request (the "applicable period"):

{}

1. All correspondence from your Company, any subsidiaries or prior servicers for this Loan following any loss mitigation applications/submissions related to this Loan which were sent to the borrower from January 10, 2014 to present.
2. Any and all proof of mailings for the correspondence identified in response to Request #1 above, including but not limited to: fed ex tracking numbers, certified mail receipts, and/or a correspondence log showing the date each such correspondence was sent.
3. All correspondence from your Company, any subsidiaries or prior servicers for this Loan related to borrowers' rights to appeal denials of a loan modification which were sent to the borrower from January 10, 2014 to present.
4. Any and all proof of mailings for the correspondence identified in response to Request #3 above, including but not limited to: fed ex tracking numbers, certified mail receipts, and/or a correspondence log showing the date each such correspondence was sent.
5. All collection notes in your possession related to any loss mitigation application(s)/submission(s) for this Loan.
6. A current payoff statement.
7. A current reinstatement statement.
8. All correspondence sent to the borrower from January 10, 2014 to present related to the transfer or change of loan servicer for the borrower's Loan.
9. A current monthly mortgage statement
10. Invoices for any and all property inspections charged to the account since January 10, 2014.
11. Copies of any property inspection reports related to the account since January 10, 2014.
12. Any and all proof(s) of payment(s) for any property inspections charged to the account since January 10, 2014.
13. Invoices for any and all brokers price opinions ("BPOs") charged to the account since January 10, 2014
14. Copies of any reports associated with any BPOs charged to the account since January 10, 2014.
15. Any and all proof(s) of payment(s) for any BPOs charged to the account since January 10, 2014.
16. All correspondence, not previously provided in response to Requests 1, 3, 5 or 8, from your Company, any subsidiaries or prior servicers for this Loan which were sent to the borrower from January 10, 2014 to present. If there is no other correspondence in your possession, please state "None".
17. The identity, address and telephone number of the current owner or assignee of this Loan.

{}

If you determine that any of the above information is not available to you, you are required to provide written notification of that determination and a basis for that determination, including the contact information for further assistance, within thirty (30) days pursuant to 12 CFR Section 1024.36(d)(1)(ii).

**Pursuant to Section 1024.36(c), you must acknowledge receipt of this Request in writing within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays). Pursuant to Section 1024.36(d)(ii)(2)(B), you must respond to this Request in writing not later than thirty (30) days thereof (excluding legal public holidays, Saturdays and Sundays).**

Please note that request number six (6) seeks an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of the date of the response ("payoff statement") is hereby requested. **This request is being made pursuant to Section 1639(g) of the Truth in Lending Act ("TILA"), and pursuant to the amendments to TILA under the Dodd-Frank Amendments and pursuant to 12 C.F.R. 226.36(c)(1)(iii). Please provide this information within seven (7) business days of receipt of this letter.**

Please note that request number seventeen (17) seeks all relevant contact information for the current owner of this Loan. **This request is being made pursuant to Section 2605(k)(1)(D) of RESPA. Please provide this information within ten (10) business days of receipt of this letter.**

In the event that the Request for Information section of this correspondence has been sent to an address which differs from an exclusive address that you previously designated, and in accordance with 12 CFR Section 1024.36(b), please do one of the following: (1) direct this Request for Information to the correct address; or (2) provide the undersigned a written notice, within five (5) business days, specifying the designated address along with a copy of the original notice sent to the above-referenced client that established the exclusive address in accordance with 12 CFR Section 1024.36(b). Please forward all responses to this Request directly to Korte & Wortman, P.A. 2325 ULMERTON RD, SUITE 16, CLEARWATER, FL 33762

Very truly yours

Korte & Wortman

{}

{}

# EXHIBIT "B"

## SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ocwen Loan Servicing
Attn: Research Department
P.O. Box 24738
West Palm Beach, FL 33416-
4738

9590 9403 0570 5183 5651 70

2. Article Number (Transfer from service label)
7015 1730 0002 0583 3818

PS Form 3811, April 2015 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
NOV 1 0

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
    (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Korte + Wortman, P.A.
2325 Ulmerton Rd. Ste 16
Clearwater, FL 33768

USPS TRACKING#

7590 9403 0528 5178 0639 41

# EXHIBIT "C"

8-814-20252-0000114-001-2-000-000-000-000



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746 - 2936

11/19/2015                                                       Loan Number: ●●●●867

Korte & Wortman, P.A.
2325 Ulmerton Road, Suite 16
Clearwater, FL 33762

Property Address: 402 College
Ruidoso, NM 88345

Dear   Korte & Wortman, P.A.

Ocwen Loan Servicing, LLC (OCWEN) would like to take this opportunity to thank you for your recent communication regarding the above referenced loan. We appreciate the time and effort on your part to bring your concern to our attention. Pursuant to your request, we have reviewed the loan and below is our response to the concern raised:

**Concern#1**  With reference to Charles E. Meeks the borrower on the loan, you provided RESPA Qualified Written Request and requested us to respond to the queries outlined in the correspondence. You also provided us with the authorization letter and requested us to update our records accordingly.

**Response**  Please be advised that the above loan has been service transferred to Seterus, Inc., on August 1, 2015. Therefore, we have forwarded the authorization letter to new servicer in order to update the records. A Note or a partial interest in the Note may be sold one or more times. Such a sale might result in a change in the entity known as the 'Loan Servicer' that collects periodic payments due under the Note and Mortgage, and performs other mortgage loan servicing obligations under the Note, Mortgage and Applicable Laws.

Please note that we have no control over service transfer of loan. The transferring of loans is a common practice in the mortgage industry that does not affect the terms of the mortgage loan agreement.

We have submitted a request for the copy of invoices and payment reconciliation history to be sent to your attention, which reflects all credits and disbursements, made to the loan by Ocwen and the resulting loan status. You will receive this separately.

Please note that Ocwen's first priority is to attempt to ensure that their borrowers remain homeowners and continue to make their payments. As an accommodation to customers experiencing financial hardship, delinquency, foreclosure, or an adjustable rate loan that makes their mortgage payment unaffordable, Ocwen may be able to offer their customers a loan modification.

NMLS # 1852                                                                  RRCMAINLTRM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



## Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746 - 2936

As much as Ocwen would like to assist every borrower, if a loan modification is offered it is based on many items, including Ocwen's servicing guidelines, the borrower's financial status, and the status of the loan. Please note that a modification can be denied if the loan does not qualify based on either one or all of the above factors.

Our records indicate that the last modification program completed by Ocwen was on May 14, 2015, with new unpaid principal balance of $166,750.00. We have submitted a request for all the documents related to modification to be sent to your attention.

For any questions/requests regarding the loan, please contact the current servicer at the below mentioned address and phone number:

Seterus, Inc.
P.O. Box 2008
Grand Rapids, MI 49501-2008
Phone number: (866) 570-5277

We trust that the information provided has fully addressed your concern. Please note that you may request copies of collateral or certain loan documents that were relied upon in making this determination. You may receive these documents by sending in a written request to the Research Department at the address mentioned below. Please visit our website (www.ocwencustomers.com) which is available 24 hours a day, seven days a week, as many of the answers to your account specific questions may be found there. However, should you have any further questions in regards to this issue, please contact our Research Department at (800) 241-9960. After speaking with our Research Department, if you still have questions or concerns, please feel free to contact the OCWEN consumer advocate through OCWEN's website or by phone at (800) 390-4656. You may also send written correspondence to the following address:

Ocwen Loan Servicing, LLC
Attention: Research Department
P.O. Box 24736
West Palm Beach, FL 33416-4736

Sincerely,
Sujit Mishra
Research Department
Ocwen Loan Servicing, LLC

NMLS # 1852
RRCMAINLTRM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

# EXHIBIT "D"



*Saving one home at a time*

Ocwen Loan Servicing, LLC*
Research Department
PO Box 24736
West Palm Beach, FL 33416-4736

**VIA CERTIFIED MAIL 7015 3010 0001 9957 0932**

Re:   Notice of Error

To Whom It May Concern:

The Law Office of Korte & Wortman, P.A. represents Charles Meeks regarding the property located at 402 College Dr. Ruidoso NM 88345. Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding loan servicing. Under these amendments, you must acknowledge receipt of this Notice in writing within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise us of your responses to this Notice in writing within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

Specifically, this office previously sent a Request for Information on behalf of the borrower regarding the loan. We are unsure as to whether you have received our client's request. Based on review of our records, and in violation of 12 C.F.R. Section 1024.36(c), you have failed to provide timely written acknowledgment of receipt of the Request. This Notice is being sent pursuant to 12 C.F.R. Section 1024.35(b)(11) regarding the required written acknowledgement of receipt of the Request.

**Pursuant to Section 1024.35(d), you must acknowledge receipt of this Notice in writing within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays). Pursuant to Section 1024.35(e)(3)(i)(C), you must respond to this Notice in writing not later than thirty (30) days thereof (excluding legal public holidays, Saturdays and Sundays).**

Please forward all responses to this Notice directly to Korte & Wortman, P.A. 2041 Vista Parkway, Ste 102, West Palm Beach, FL 33411.

Very truly yours,

Meek0001 QWR

Korte & Wortman, P.A.

Meek0001 QWR

Filing # 42307183 E-Filed 06/03/2016 02:17:56 PM

**IN THE COUNTY COURT OF THE 15TH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA**

**CHARLES MEEKS**

      **Plaintiff,**                  **CASE NO.: 50-2016-SC-005211**

-vs-

**OCWEN LOAN SERVICING, LLC,**

      **Defendant.**

_____/

<u>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

      **COMES NOW,** the Plaintiff, **CHARLES MEEKS** ("Plaintiff"), by and through undersigned counsel, and brings this **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** against the Defendant, **OCWEN LOAN SERVICING, LLC,** ("Defendant"), and as grounds thereof would allege as follows:

<u>**INTRODUCTION**</u>

      1.     This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and its implementing regulation.

      2.     The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulation.

      3.     Specifically, Plaintiff seeks the remedies provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA, and Section 1024.36 of Regulation X.

QWR5

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court arises under F.S.A. Chapter 34.01(c) because the amount in controversy is less than $2,100.00 exclusive of interest, costs and attorney's fees.

5.      Venue is proper because this is the County where a "substantial part of the events or omissions giving rise to the claim occurred." 12 U.S.C. §2614.

6.      Plaintiff has incurred damages in Palm Beach County, Florida.

7.      Further venue is proper because this is the County where the "cause of action accrues when the last element constituting the cause of action occurs. Fla. Stat. §95.031(1). In other words, a cause of action cannot be said to have accrued until an action may be brought." Kipnis, Kibler, Mukamal v Bayersche Hypo-Und Vereinsbank, AG; 784 F3d 771 (US Court of Apps 11th Cir, 2015). The damages were incurred in Palm Beach County.

8.      Under the Rules of Small Claims, Rule 7.060(a) addresses the right to Venue in small claims.   Specifically Rule 7.060(a) states:

> **Right to Venue**. The law gives the person or company who has sued you the right to file suit in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you as the Defendant, have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following:
> ...
> (4)      Where the even giving rise to the suit occurred.

9.      The Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. §1024.36 contemplates that qualified written requests (QWRs) and requests for information (RFIs) are going to be sent by agents of the borrower, and not directly by the borrower from where the situs of the property is. See Bennett v. Bank of America, N.A., 2015 U.S. Dist. LEXIS 113948 (E.D. Ky. Aug. 26, 2015) (Congress intended section 2605 to have "a broader meaning of the word 'agent,' [consonant with RESPA's goals] to protect the rights and interests of homeowners").

QWR5

First and foremost, RESPA is a consumer protection statute. [citation omitted]. As such, borrowers who are struggling to communicate effectively with servicers should be able to seek help or intervention from various government protection agencies [and others]. ... Preventing these [authorized agents] from being "agents" as defined by RESPA would impede RESPA's underlying purpose.

Bennett, slip op. at 11-12.

## PARTIES

10.    At all material times, Defendant, was and is a foreign company which regularly engages in the business of servicing mortgages in Palm Beach County, Florida and has done substantial business in Florida.

11.    At all times material hereto Defendant, was and is a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation which is secured by a mortgage on Plaintiffs' property.

## BACKGROUND OF LOAN TRANSACTION

12.    The Loan is a federally related mortgage loan as defined by 12 C.F.R. §1024.2(b).

13.    Defendant is a servicer within the meaning of the *Real Estate Settlement Procedures Act* ("RESPA") as implemented by Regulation X.

14.    In an effort to utilize the protections afforded to consumers by Congress, Plaintiffs through counsel, Korte and Wortman, P.A., caused to be mailed to Defendant a written request for information pursuant to Regulation X (the "RFI"). A copy of the RFI is attached hereto as Exhibit "A".

15.    The certified mail return receipt shows the tracking number which allows the ability to confirm the date the written request was received. The RFI was delivered to the

QWR5

Defendant on November 10, 2015. A copy of the certified mail return receipt is attached hereto as Exhibit "B". Therefore, Defendant's response was due on or before November 18, 2015.

16.     Defendant replied to the Plaintiff's RFI, however the response was not timely.  A copy of the Defendant's response dated November 19, 2015 is attached hereto as Exhibit "C"

17.     Having not received a written acknowledgment to Plaintiff's RFI within the required timeframe, a follow up Notice of Error letter (the "NOE") was sent to the Defendant. A copy of the NOE is attached hereto as Exhibit "D".

18.     Through its own conduct and the conduct of its designated counsel Defendant has shown a pattern of disregard to the requirements imposed upon Defendants by Federal Reserve Regulation X.

### Count I: Violation of 12 U.S.C. §2605(k)

19.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 18.

20.     The Loan is a federally regulated mortgage loan as defined by 12 C.F.R. § 1024.2(b).

21.     Defendant was obligated to acknowledge receipt of the RFI in writing within five (5) business days. 12 C.F.R. § 1024.36(c), which states:

**§1024.36  Requests for information.**

(c) Acknowledgment of receipt. Within five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving an information request from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request.

12 C.F.R. § 1024.36(c).

QWR5

22.     Defendant did not provide this written receipt within the time period provided by 12 C.F.R. § 1024.36(c).

23.     Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer Prohibitions**
> **(1) In general**
> **A servicer of a federally related mortgage shall not—**
> …
> (E) fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k).

24.     Section 1024.36 (Request for Information) of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696, 10714*, fn. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.36 implements Section 6(k)(1)(D)).

25.     The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter. 12 U.S.C. § 2617.

26.     Defendant has failed or refused to comply with 12 C.F.R. § 1024.36(c) in that Defendant did not provide a written acknowledgement to the RFI within the required timeframe.

27.     As such, Defendant has violated 12 U.S.C. § 2605(k)(1)(E).

28.     Plaintiff is entitled to actual damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A) including but not limited

QWR5

to: photocopying costs, postage costs, and reasonable attorney's fees incurred following Defendant's breach, in connection with review of the insufficient response and for the drafting of the NOE. *See* <u>Bacz v. Specialized Loan Servicing, LLC</u>, Case No. 15-81679-CIV-MARRA (S.D. Fla April 15, 2016) (the Court finding that attorney's fees associated with the review of a Servicers insufficient response to a Request for Information are actual damages incurred and related to an alleged RESPA violation); <u>Marais v. Chase Home Finance, LLC</u>, 737 F.3d 711, 721 (6th Cir. 2013) (the Court finding that expenses became actual damages when servicer ignored its statutory duties); <u>Cortez v. Keystone Bank, Inc.</u> 2000 WL 536666, 12 (E.D. Pa. 2000) (the Court finding that actual damages encompass compensation for pecuniary loss); <u>Rawlings v. Dovenmuehle Mortg., Inc.</u>, 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999) (the Court finding that actual damages include costs for correspondence and travel).

29.     As a direct and proximate result of Defendant's failure to comply with Regulation X and RESPA, Plaintiff has suffered actual damages after the Defendant's breach. Specifically, Plaintiff has incurred actual damages in certified postage costs of less than $100.00 for mailing the NOE, and attorney's fees and costs, in an amount to be proven at trial.

30.     Plaintiff has hired Korte and Wortman, P.A., for legal representation in this action and has agreed to pay a reasonable attorney's fee.

31.     All conditions precedent to bringing this action have been complied with or occurred.

32.     Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the Court, pursuant to 12 U.S.C. § 2605(f)(3).

QWR5

**WHEREFORE,** Plaintiff, demands judgment against the Defendant for actual damages together with interest, costs and attorney's fees pursuant to 12 U.S.C. § 2605(f), and any other and further relief as this Honorable Court may deem just and proper.

### Count II: Violation of 12 U.S.C. §2605(k)

33.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 32.

34.     Through its own conduct and the conduct of its designated counsel Defendant has shown a pattern of disregard to the requirements imposed upon Defendants by Federal Reserve Regulation X.

35.     Plaintiff is entitled to statutory damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(B) not to exceed $2000.00.

36.     As a direct and proximate result of Defendant's pattern and practice of refusal to comply with Regulation X and RESPA, Plaintiff is entitled to statutory damages after the Defendant's breach.

**WHEREFORE,** Plaintiff, demands judgment against the Defendant for statutory damages together with interest, costs and attorney's fees pursuant to 12 U.S.C. § 2605(f)(1)(B), and any other and further relief as this Honorable Court may deem just and proper.

QWR5

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts.

Dated June 3, 2016

Respectfully submitted,

By: _/s/ Brian Korte_
Brian K. Korte, Esq.
FBN: 0129690
KORTE & WORTMAN, P.A.
Attorneys for Plaintiff
2041 Vista Parkway
West Palm Beach, Florida 33411
Phone: (561) 228-6200
Fax:    (561) 245-9075
E-mail: service@kwlawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by

U.S. Mail on June 3, 2016 to the following:

Ocwen Loan Servicing, LLC
C/O Registered Agent
1201 Hayes Street
Tallahassee, FL
32301

By: _/s/ Brian Korte_
Brian K. Korte, Esq.
FBN: 0129690
KORTE & WORTMAN, P.A.
Attorneys for Plaintiff
2041 Vista Parkway
West Palm Beach, Florida 33411
Phone: (561) 228-6200
Fax:    (561) 245-9075
E-mail: service@kwlawfirm.com

- 8 -

QWR5

# KORTE & WORTMAN, P.A.

### Attorneys at Law
2325 ULMERTON RD, SUITE 16
CLEARWATER, FL 33762

Ocwen Loan Servicing, LLC*
Ocwen Loan Servicing, LLC*
Research Department
PO Box 24736
West Palm Beach, FL 33416-4736

**VIA CERTIFIED MAIL 7015 1730 0002 0583 3818**

Re:     Request for Information under 12 CFR 1024.36 of Regulation X and TILA
        Request
        Borrower:           Charles Meeks
        Account Number:
        Social Security No:
        Property Address:    402 College Dr. Ruidoso NM 88345

To Whom It May Concern,

Please consider this letter to constitute a Request for Information under 12 CFR Section 1024.36 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding loan servicing. Under these amendments, you must acknowledge receipt of this Request in writing within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise us of your responses to this Request in writing within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

Specifically, the borrower is concerned with the manner in which the loan modification application/submission was handled and reviewed. Additionally, the borrower believes that certain fees are being wrongfully assessed with respect to the loan account and demands a full accounting for all fees being charged to the account along with an explanation for why such fees are being charged to the account. I am therefore requesting the following information for the period beginning January 10, 2014, until your receipt of this Request (the "applicable period"):

{}

# EXHIBIT "A"

1. All correspondence from your Company, any subsidiaries or prior servicers for this Loan following any loss mitigation applications/submissions related to this Loan which were sent to the borrower from January 10, 2014 to present.

2. Any and all proof of mailings for the correspondence identified in response to Request #1 above, including but not limited to: fed ex tracking numbers, certified mail receipts, and/or a correspondence log showing the date each such correspondence was sent.

3. All correspondence from your Company, any subsidiaries or prior servicers for this Loan related to borrowers' rights to appeal denials of a loan modification which were sent to the borrower from January 10, 2014 to present.

4. Any and all proof of mailings for the correspondence identified in response to Request #3 above, including but not limited to: fed ex tracking numbers, certified mail receipts, and/or a correspondence log showing the date each such correspondence was sent.

5. All collection notes in your possession related to any loss mitigation application(s)/submission(s) for this Loan.

6. A current payoff statement.

7. A current reinstatement statement.

8. All correspondence sent to the borrower from January 10, 2014 to present related to the transfer or change of loan servicer for the borrower's Loan.

9. A current monthly mortgage statement

10. Invoices for any and all property inspections charged to the account since January 10, 2014.

11. Copies of any property inspection reports related to the account since January 10, 2014.

12. Any and all proof(s) of payment(s) for any property inspections charged to the account since January 10, 2014.

13. Invoices for any and all brokers price opinions ("BPOs") charged to the account since January 10, 2014

14. Copies of any reports associated with any BPOs charged to the account since January 10, 2014.

15. Any and all proof(s) of payment(s) for any BPOs charged to the account since January 10, 2014.

16. All correspondence, not previously provided in response to Requests 1, 3, 5 or 8, from your Company, any subsidiaries or prior servicers for this Loan which were sent to the borrower from January 10, 2014 to present. If there is no other correspondence in your possession, please state "None".

17. The identity, address and telephone number of the current owner or assignee of this Loan.

{}

If you determine that any of the above information is not available to you, you are required to provide written notification of that determination and a basis for that determination, including the contact information for further assistance, within thirty (30) days pursuant to 12 CFR Section 1024.36(d)(1)(ii).

**Pursuant to Section 1024.36(c), you must acknowledge receipt of this Request in writing within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays). Pursuant to Section 1024.36(d)(ii)(2)(B), you must respond to this Request in writing not later than thirty (30) days thereof (excluding legal public holidays, Saturdays and Sundays).**

Please note that request number six (6) seeks an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of the date of the response ("payoff statement") is hereby requested. **This request is being made pursuant to Section 1639(g) of the Truth in Lending Act ("TILA"), and pursuant to the amendments to TILA under the Dodd-Frank Amendments and pursuant to 12 C.F.R. 226.36(c)(1)(iii). Please provide this information within seven (7) business days of receipt of this letter.**

Please note that request number seventeen (17) seeks all relevant contact information for the current owner of this Loan. **This request is being made pursuant to Section 2605(k)(1)(D) of RESPA. Please provide this information within ten (10) business days of receipt of this letter.**

In the event that the Request for Information section of this correspondence has been sent to an address which differs from an exclusive address that you previously designated, and in accordance with 12 CFR Section 1024.36(b), please do one of the following: (1) direct this Request for Information to the correct address; or (2) provide the undersigned a written notice, within five (5) business days, specifying the designated address along with a copy of the original notice sent to the above-referenced client that established the exclusive address in accordance with 12 CFR Section 1024.36(b). Please forward all responses to this Request directly to Korte & Wortman, P.A. 2325 ULMERTON RD, SUITE 16, CLEARWATER, FL 33762

Very truly yours

Korte & Wortman

{}

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ocwen Loan Servicing
Attn: Research Department
P.O. Box 24736
West Palm Beach, FL 33416-4736

9590 9403 0570 5183 5651 70

2. Article Number (Transfer from service label)

7015 1730 0002 0583 3818

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
NOV 1?

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053   Domestic Return Receipt

**EXHIBIT "B"**

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Korte + Wortman, P.A.
2325 Ulmerton Rd. Ste 16
Clearwater, FL 33762

USPS TRACKING#

9590 9403 0590 9183 9654 70

English          Customer Service          USPS Mobile                                    Register / Sign In

**≣USPS.COM**

# USPS Tracking®


Customer Service ›
Have questions? We're here to help.


Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: 70151730000205833818

## Product & Tracking Information                     Available Actions

| Postal Product: | Features: | |
|---|---|---|
| First-Class Mail® | Certified Mail™ | Return Receipt |

See tracking for related item: 9590940305705183565170

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| November 10, 2015 , 6:14 am | Delivered, To Agent | WEST PALM BEACH, FL 33416 |

Your item has been delivered to an agent at 6:14 am on November 10, 2015 in WEST PALM BEACH, FL 33416.

| November 9, 2015 , 6:02 am | Departed USPS Destination Facility | WEST PALM BEACH, FL 33416 |
| November 7, 2015 , 3:24 pm | Arrived at USPS Destination Facility | WEST PALM BEACH, FL 33416 |
| November 6, 2015 , 9:55 pm | Arrived at USPS Origin Facility | TAMPA, FL 33630 |
| November 6, 2015 , 6:31 pm | Departed Post Office | CLEARWATER, FL 33762 |
| November 6, 2015 , 4:04 pm | Acceptance | CLEARWATER, FL 33762 |

## Track Another Package                              Manage Incoming Packages

Tracking (or receipt) number                          Track all your packages from a dashboard.
                                                       No tracking numbers necessary.

[                                    ]   Track It      Sign up for My USPS ›



8-814-20252-0000114-001-2-000-000-000-000



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners Is What We Do!* ℠

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746 – 2936

11/19/2015

Loan Number:

Korte & Wortman, P.A.
2325 Ulmerton Road, Suite 16
Clearwater, FL 33762

Property Address: 402 College
Ruidoso, NM 88345

Dear   Korte & Wortman, P.A.

Ocwen Loan Servicing, LLC (OCWEN) would like to take this opportunity to thank you for your recent communication regarding the above referenced loan. We appreciate the time and effort on your part to bring your concern to our attention. Pursuant to your request, we have reviewed the loan and below is our response to the concern raised:

**Concern#1**  With reference to Charles E. Meeks the borrower on the loan, you provided RESPA Qualified Written Request and requested us to respond to the queries outlined in the correspondence. You also provided us with the authorization letter and requested us to update our records accordingly.

**Response**   Please be advised that the above loan has been service transferred to Seterus, Inc., on August 1, 2015. Therefore, we have forwarded the authorization letter to new servicer in order to update the records. A Note or a partial interest in the Note may be sold one or more times. Such a sale might result in a change in the entity known as the 'Loan Servicer' that collects periodic payments due under the Note and Mortgage, and performs other mortgage loan servicing obligations under the Note, Mortgage and Applicable Laws.

Please note that we have no control over service transfer of loan. The transferring of loans is a common practice in the mortgage industry that does not affect the terms of the mortgage loan agreement.

We have submitted a request for the copy of invoices and payment reconciliation history to be sent to your attention, which reflects all credits and disbursements, made to the loan by Ocwen and the resulting loan status. You will receive this separately.

Please note that Ocwen's first priority is to attempt to ensure that their borrowers remain homeowners and continue to make their payments. As an accommodation to customers experiencing financial hardship, delinquency, foreclosure, or an adjustable rate loan that makes their mortgage payment unaffordable, Ocwen may be able to offer their customers a loan modification.

NMLS # 1852                                                                 RRCMAINI.TRM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Page 1 of 2



**EXHIBIT** "C"

3-D14-2.0202-0000114-00 1-3-000-000-000-000


O C W E N

### Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!™*

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746 - 2936



As much as Ocwen would like to assist every borrower; if a loan modification is offered it is based on many items, including Ocwen's servicing guidelines, the borrower's financial status, and the status of the loan. Please note that a modification can be denied if the loan does not qualify based on either one or all of the above factors.

Our records indicate that the last modification program completed by Ocwen was on May 14, 2015, with new unpaid principal balance of $166,750.00. We have submitted a request for all the documents related to modification to be sent to your attention.

For any questions/requests regarding the loan, please contact the current servicer at the below mentioned address and phone number:

Seterus, Inc.
P.O. Box 2008
Grand Rapids, MI 49501-2008
Phone number: (866) 570-5277

We trust that the information provided has fully addressed your concern. Please note that you may request copies of collateral or certain loan documents that were relied upon in making this determination. You may receive these documents by sending in a written request to the Research Department at the address mentioned below. Please visit our website (www.ocwencustomers.com) which is available 24 hours a day, seven days a week, as many of the answers to your account specific questions may be found there. However, should you have any further questions in regards to this issue, please contact our Research Department at (800) 241-9960. After speaking with our Research Department, if you still have questions or concerns, please feel free to contact the OCWEN consumer advocate through OCWEN's website or by phone at (800) 390-4656. You may also send written correspondence to the following address:

Ocwen Loan Servicing, LLC
Attention: Research Department
P.O. Box 24736
West Palm Beach, FL 33416-4736

Sincerely,
Sujit Mishra
Research Department
Ocwen Loan Servicing, LLC

NMLS # 1852                                                                                                                          RRCMAINL.TRM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



Ocwen Loan Servicing, LLC*
Research Department
PO Box 24736
West Palm Beach, FL 33416-4736

**VIA CERTIFIED MAIL 7015 3010 0001 9957 0932**

Re:    Notice of Error

To Whom It May Concern:

    The Law Office of Korte & Wortman, P.A. represents  Charles Meeks regarding the property located at 402 College Dr. Ruidoso NM 88345.  Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding loan servicing. Under these amendments, you must acknowledge receipt of this Notice in writing within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise us of your responses to this Notice in writing within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

    Specifically, this office previously sent a Request for Information on behalf of the borrower regarding the loan.  We are unsure as to whether you have received our client's request. Based on review of our records, and in violation of 12 C.F.R. Section 1024.36(c), you have failed to provide timely written acknowledgment of receipt of the Request.  This Notice is being sent pursuant to 12 C.F.R. Section 1024.35(b)(11) regarding the required written acknowledgement of receipt of the Request.

    **Pursuant to Section 1024.35(d), you must acknowledge receipt of this Notice in writing within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays). Pursuant to Section 1024.35(e)(3)(i)(C), you must respond to this Notice in writing not later than thirty (30) days thereof (excluding legal public holidays, Saturdays and Sundays).**

    Please forward all responses to this Notice directly to Korte & Wortman, P.A. 2041 Vista Parkway, Ste 102, West Palm Beach, FL 33411.

Very truly yours,



Meek0001 QWR.

# EXHIBIT "D"

Korte & Wortman, P.A.

Meek0001 QWR