UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.:  16-cv-81003-BLOOM/Valle

CHARLES MEEKS

    Plaintiff,

v.

OCWEN LOAN SERVICING LLC,

    Defendant.
_____

**JOINT SCHEDULING REPORT AND DISCOVERY PLAN**

Plaintiff, CHARLES MEEKS, and Defendant, OCWEN LOAN SERVICING LLC, ("Ocwen") (collectively, the "Parties"), hereby file this Joint Scheduling Report and Discovery Plan in accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b)(2) and (3). The Parties state as follows:

**I. Scheduling Conference Report**

The Parties have conferred on the following issues enumerated in Local Rule 16.1 and submit the following:

**A. Likelihood of Settlement.**

The Parties have discussed settlement and believe at this time that settlement is possible, though not likely, and will continue to endeavor to reach an amicable resolution. The Parties will further engage in mediation pursuant to this Court's scheduling order.

**B. Likelihood of Appearance of Additional Parties.**

The Parties do not anticipate the need for additional Parties to appear in this case; however, investigations are ongoing.

**C. Limits on Time.**

The Parties proposed pretrial deadlines are attached hereto as Exhibit A.

**D. Proposals for the Formulation and Simplification of Issues; Number and Timing of Motions for Summary Judgment.**

The Parties will endeavor to simplify the trial of this case by mutual agreement of certain issues and facts, and by motions for summary judgment on other issues, if possible.

   **E.**  **Necessity and Desirability of Amendments to the Pleadings.**

The Parties do not currently anticipate any amendments to the pleadings other than amendments as of right or amendments directed by the Court after motion practice, and will comply with the deadline for amendments as set forth in the Court's scheduling order.

   **F.**  **Possibility of Obtaining Admissions of Fact, Electronically Stored Information, Stipulations Regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence.**

The Parties will strive to resolve any disputed issues of fact and will, whenever possible, stipulate to the operative facts. The Parties have discussed discovery and will endeavor to obtain agreements and stipulations concerning electronically stored information, if implicated, and other matters which will avoid unnecessary proof.

   **G.**  **Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence.**

The Parties agree to work together to simplify the issues and stipulate to as many facts as possible.

   **H.**  **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

The Parties have no objection to the referral of portions of this case to the applicable magistrate judge for appropriate resolution of all non-dispositive pretrial matters, as well as motions for attorney's fees, costs, and sanctions.

   **I.**  **Preliminary Estimate of the Time Required for Trial.**

The Parties agree that the trial of this matter should take approximately 1-2 days and be assigned to the expedited track. This estimate is based on the Parties' current understanding of the issues involved in the claims, and is subject to change based on the Parties' ongoing efforts to narrow and refine the issues and stipulate to certain facts.

   **J.**  **Requested Date or Dates for Conferences Before Trial, Final Pretrial Conference, and Trial**

*See* Exhibit A.

   **K.**  **Any Other Information That Might Be Helpful to the Court in Setting the Case for Status or Pretrial Conference.**

Not applicable.

  **II.**  **Discovery Plan**

      **A.**      **Changes to the Timing, Form, or Requirement for Disclosures under Rule 26(a).**

The Parties have agreed that no changes should be made in the form or requirement to the Rule 26(a) disclosures. The Parties will exchange Rule 26(a) initial disclosures by July 14, 2016.

      **B.**      **Subjects on Which Discovery May be Needed; When Discovery Should be Completed, and Whether Discovery Should be Conducted in Phases or be Limited to or Focused on Particular Issues.**

The Parties agree that each party will seek discovery on a variety of nonprivileged matters that are relevant to any party's claim or defense and proportional to the needs of the case. The Parties agree that it is appropriate to divide discovery into fact discovery and expert discovery.

      **C.**      **Any Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which it Should be Produced.**

In the event significant electronic information is to be produced, the Parties will work to reach a mutually agreeable format for production.

      **D.**      **Any Issues about Claims or Privilege or of Protection as Trial Preparation Materials, Including – if the Parties Agree on a Procedure to Assert These Claims after Production – Whether to Ask the Court to Include Their Agreement in an Order.**

The Parties agree that if a Party discloses privileged or trial preparation material(s) to the other Party, it shall notify the other Party of said disclosure. After the requesting Party is notified, it must return, sequester, or destroy all information until the claim of privilege or protection is resolved. The Parties further agree to establish a "clawback agreement," whereby materials that are produced without intent to waive privilege or protection are not deemed waived and are to be returned to the responding party, as long as the responding party identifies the documents inadvertently produced in a timely manner. Once the Parties establish this agreement, they will move the Court to enter it as an Order in the case.

      **E.**      **What Changes Should be Made in the Limitations on Discovery Imposed under These Rules or by Local Rule, and What Other Limitations Should be Imposed.**

The Parties agree that no changes in the limitations on discovery or any other limitations should be imposed at this time.

      **F.**      **Any Other Orders that the Court Should Issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties do not anticipate needing any orders under Rules 26(c), 16(b), or 16(c) at this time.

- 4 -

Dated:  July 01, 2016

<table>
<tr><td>

Bryan Cave LLP

By: */s/ Zina Gabsi*
Zina Gabsi, Esq. (FL Bar No. 73789)
Primary E-Mail: gabsiz@bryancave.com
Jodi.cantor@bryancave.com
200 South Biscayne Blvd., Ste 400
Miami, Florida 33131
(786) 322-7386
*Attorneys and Trial Counsel for Defendant*

</td><td>

Korte & Wortman, P.A.

By: */s/ Brian K. Korte*
Brian K. Korte (FL Bar No. 129690)
Primary E-Mail: bkorte@kwlawfirm.com
2041 Vista Parkway Suite 102
West Palm Beach, Florida 33411
(561) 228-6200
(561) 245-9075 (fax)
*Attorneys and Trial Counsel for Plaintiff*

</td></tr>
</table>

**Exhibit A: Proposed Pretrial Deadlines**

| Event | Proposed Deadline |
|---|---|
| Deadline for parties to serve Initial Disclosures set forth in Fed. R. Civ. P. 26(a) | July 14, 2016 |
| Deadline for parties to add additional parties and to amend the pleadings | August 29, 2016 |
| Deadline for all fact discovery to be completed | November 7, 2016 |
| Deadline to complete expert discovery, if any (30 days after deadline for fact discovery) | December 6, 2016 |
| Deadline for all dispositive motions to be filed | November 21, 2016 |
| Deadline for mediation to be complete | November 28, 2016 |
| Calendar Call | March 14, 2017 |
| Deadline for parties to exchange Pretrial disclosures in Fed. R. Civ. P. 26(a)(3)(A). | March 10, 2017 |
| Approximate Jury Trial Term (1-2 day(s))[1] | March 21, 2017 |

**CERTIFICATE OF SERVICE**

---

[1] Plaintiff has requested a jury trial though Defendant reserves the right to challenge the same.

I HEREBY CERTIFY that on July 01, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

Bryan Cave LLP
Zina Gabsi, Esq. (FL Bar No. 73789)
gabsiz@bryancave.com
Jodi.cantor@bryancave.com
200 South Biscayne Blvd., Ste 400
Miami, Florida 33131
(786) 322-7386
**Counsel for the Defendant**

                                          */s/ Brian K. Korte*
                                          Attorney