# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303



David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 30, 2017

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  16-15536-GG
Case Style: Charles Meeks v. Ocwen Loan Servicing LLC
District Court Docket No: 9:16-cv-81003-BB

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to:  Lois Tunstall
Phone #:  (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 16-15536
_____

District Court Docket No.
9:16-cv-81003-BB

CHARLES MEEKS,

                                             Plaintiff - Appellant,

versus

OCWEN LOAN SERVICING LLC,

                                             Defendant - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: March 01, 2017
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna Clark

**ISSUED AS MANDATE 03/30/2017**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15536
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-81003-BB

CHARLES MEEKS,

                                        Plaintiff-Appellant,

versus

OCWEN LOAN SERVICING LLC,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 1, 2017)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Charles Meeks appeals the district court's dismissal of his complaint against Ocwen Loan Servicing LLC ("Ocwen"), in which he alleged that Ocwen violated Regulation X of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. ("RESPA"). On appeal, Meeks argues that the district court erred in dismissing his claims because Ocwen did not comply with 12 C.F.R. § 1024.36(c), that Meeks alleged a concrete injury sufficient to confer Article III standing for statutory damages, and that the district court should have allowed him to amend his complaint. After a careful review of the record and the parties' briefs, we affirm.

## I.    FACTUAL BACKGROUND

The facts of this case are straightforward and may be found in greater detail in the district court's order in the proceedings below. Meeks had a mortgage loan on his property, and Ocwen was at one point the servicer of the loan. When a borrower requests information from a loan servicer, Regulation X provides that the loan servicer shall provide "a written response acknowledging receipt" of that request within five days of receiving the request. 12 C.F.R. § 1024.36(c).

By way of brief review, Meeks, through counsel, mailed Ocwen a written request for information ("RFI") pursuant to RESPA and Regulation X. Meeks's counsel sent the RFI via certified mail, and Ocwen received it on November 10, 2015. An agent of Ocwen signed the certified mail return receipt (the "Certified Receipt") on that same day. It is undisputed that Meeks's attorneys then received

this Certified Receipt signed by Ocwen's agent.  This Certified Receipt is attached to Meeks's amended complaint.  On November 19, 2015, Ocwen sent Meeks a substantive response to his RFI.[1]

Over five months later, on April 29, 2016, Meeks, through counsel, sent Ocwen a "Notice of Error" ("NOE") letter, stating that "[w]e are unsure as to whether you have received our client's [RFI]."  After sending this NOE, Meeks filed this lawsuit.

On June 3, 2016, Meeks filed a counseled amended complaint in Florida state court, alleging that Ocwen violated 12 C.F.R. § 1024.36(c) (Count I).  As to Count I, Meeks alleged that Ocwen did not correctly or timely acknowledge receipt of his RFI, and that he incurred actual damages of less than $100 for mailing the April 2016 NOE, along with attorney's fees and costs.  Meeks also sought statutory damages under RESPA (Count II).

Defendant Ocwen removed the case to federal court and filed a motion to dismiss.  The district court granted Ocwen's motion to dismiss, concluding that, under 12 C.F.R. § 1024.36(c)'s plain and unambiguous language, the Certified Receipt signed by Ocwen's agent satisfied the regulation's requirements.  The

---

[1] Meeks argues that Ocwen's November 19 response was an untimely "acknowledgment" of receipt, but that letter plainly provides substantive information about the loan and promises to send Meeks additional relevant documents.

district court also concluded that Meeks had not alleged a sufficiently concrete injury to confer Article III standing as to his claim for statutory damages.

## II.   DISCUSSION

Under these facts, the district court did not err in dismissing Meeks's counseled amended complaint with prejudice.[2]

Regulation X provides in relevant part:

> Within five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving an information request from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request.

12 C.F.R. § 1024.36(c).  As the district court acknowledged, whether a Certified Receipt qualifies as a "written response acknowledging receipt" is an issue of first impression.  As to Count I, under the undisputed factual circumstances of this case—where Meeks's attorney sent the RFI on behalf of Meeks as a borrower and Meeks's attorneys unquestionably received the Certified Receipt in response signed by Ocwen's agent—we agree with the district court that Regulation X was satisfied.[3]

---

[2] We review de novo the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  Renfroe v. Nationstar Mortg., LLC, 822 F.3d 1241, 1243 (11th Cir. 2016).

[3] Alternatively, we affirm because Meeks did not suffer any compensable damages from Ocwen's alleged violation.  See Renfroe, 822 F.3d at 1246 (explaining that damages are an "essential element in pleading a RESPA claim").  Here, we agree with the district court that Meeks's counsel's NOE appeared to "falsely question[] the servicer's receipt in order to create a claim for damages."

4

As to Count II, we also agree with the district court that Meeks has not suffered a concrete injury in fact and, thus, does not have Article III standing to assert a claim for statutory damages. See Spokeo, Inc. v. Robins, 578 U.S. ___, ___, 136 S. Ct. 1540, 1548-49, 1550 (2016) (holding that, while an injury need not be tangible to be "concrete," a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation"). Here, Meeks (and his attorneys) had undisputed actual knowledge of receipt of the RFI, although they dispute that its form was sufficient to meet Regulation X's requirements. Thus, Meeks suffered at most "a bare procedural violation," and he cannot show that he suffered a real, concrete injury from Ocwen's actions. See id. at 1548, 1550.

In sum, under the circumstances of this case, we affirm the district court.[4]

**AFFIRMED.**

---

[4] Meeks acknowledges in his brief that the "only question now before this court is whether [he] made a prima facie claim under 12 C.F.R. § 1024.36(c)." This is consonant with our reading of the scope of his amended complaint and the district court's order. Thus, to the extent his brief seeks to raise other claims, we do not address them. See Egidi v. Mukamai, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief . . . are deemed waived.").

As to Meeks's argument that he should have been granted leave to amend his complaint to supplement his statutory-damages claim, the record reflects that Meeks never requested such leave from the district court. See Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 01, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 16-15536-GG
Case Style: Charles Meeks v. Ocwen Loan Servicing LLC
District Court Docket No: 9:16-cv-81003-BB

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, each party to bear own costs.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs